**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ROWAN BLVD. ASSOCIATES, LLC, et al., | 1:21-cv-13301-NLH-AMD |
| Plaintiffs, | **MEMORANDUM OPINION & ORDER** |
| v. | |
| REPUBLIC FIRST BANK doing business as REPUBLIC BANK, | |
| Defendant. | |

**APPEARANCES:**

GREGORY A. LOMAX
CHRISTOPHER M. MARRONE
DAVID S. HOLLANDER
LAULETTA BIRNBAUM, LLC
591 MANTUA BOULEVARD, SUITE 200
SEWELL, NEW JERSEY 08080

*On behalf of Plaintiffs*

BRADLEY L. MITCHELL
NEIL C. SCHUR
NAJAH A. JACOBS
STEVENS & LEE
PRINCETON PIKE CORPORATE CENTER
100 LENOX DRIVE
LAWRENCEVILLE, NJ 08648

*On behalf of Defendant*

**HILLMAN**, **District Judge**

   WHEREAS, Defendant removed Plaintiffs' case from New Jersey Superior Court to this Court; and

   WHEREAS, Defendant's notice of removal avers that this Court has jurisdiction over this matter under 28 U.S.C. § 1331

because it raises a federal question; and

WHEREAS, Plaintiffs have filed a motion for remand, arguing that their complaint asserts only state law claims and does not raise any issues of federal law; and

WHEREAS, Plaintiffs' state court verified complaint (Docket No. 1 at 11-45) claims that Plaintiffs applied for and obtained two rounds of Paycheck Protection Program (the "PPP") funding through Defendant, Republic Bank, for its various restaurants to keep its employees employed and to essentially survive the havoc wreaked as a result of the COVID-19 pandemic and the governmental shutdowns that followed; and

WHEREAS, Plaintiffs claim that the disbursement of PPP Loan Funds to Plaintiffs was approved by Republic Bank and the SBA, which loans had originated from Republic Bank under the PPP of the Coronavirus Aid, Relief, and Economic Security Act, 15 U.S.C. § 9001, et seq. (the "CARES Act"); and

WHEREAS, Plaintiffs claim that Defendants suddenly and without warning to Plaintiffs unilaterally froze the PPP Loan Funds in each of Plaintiffs' Republic Bank cash accounts, prohibiting Plaintiffs' access to approximately $1,092,549 of working capital, and did so recklessly and without just cause; and

WHEREAS, Plaintiffs seek a preliminary injunction to maintain the status quo ante among the parties until a court

ultimately determines the parties' rights in and interests to the PPP Loan Funds moving forward;[1] and

WHEREAS, Plaintiffs assert counts against Defendant for Declaratory Judgment (Count I), Breach of Contract (Count II), Conversion (Count III), Breach of Fiduciary Duty (Count IV), and Defamation and/or Defamation Per Se (Count V); and

WHEREAS, when Defendant removed Plaintiffs' complaint from New Jersey state court to this Court, Defendant averred that under the "well-pleaded complaint rule," Plaintiffs' complaint presents a federal question on its face, and therefore this Court may exercise subject matter jurisdiction under 28 U.S.C. § 1331; and

WHEREAS, "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint," Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987); and

WHEREAS, "The rule makes the plaintiff the master of the

---

[1] Prior to Defendant's removal of Plaintiffs' complaint, the state court had issued an order to show cause and set a preliminary injunction hearing for July 30, 2021.  The state court's order to show cause was not included in Defendant's removal papers, which they claim was an administrative error.  Plaintiffs attached the state court order to show cause to their motion to remand.  (Docket No. 8-5 at 2-9.)

claim; he or she may avoid federal jurisdiction by exclusive reliance on state law," Caterpillar, 482 U.S. at 392; and

WHEREAS, Defendant avers, "Plaintiffs' Complaint attempts to allege a cause of action for a purported violation of the CARES Act.  The CARES Act, a federal statute, thus creates Plaintiffs' alleged claims." (Docket No. 1 at 4); and

WHEREAS, in its opposition to Plaintiffs' motion to remand, Defendant further argues the resolution of Plaintiffs' state law claims necessarily requires the determination of whether Plaintiffs complied with the CARES Act and PPP, and that issue is disputed, substantial, and capable of resolution in federal court without disrupting the federal-state balance approved by Congress, all of which establishes subject matter jurisdiction under § 1331 (Docket No. 13, citing Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 312-15 (2005) and Gunn v. Minton, 568 U.S. 251 (2013)); and

WHEREAS, the Court finds that even though Plaintiffs' complaint explains that Defendant approved their application for PPP loans made available by the CARES Act, Plaintiffs' complaint does not claim on its face that Defendant's alleged actions relative to those funds violated the CARES Act, and Plaintiffs' complaint only asserts claims against Defendant arising under state law; and

WHEREAS, the Court further finds, as argued by Plaintiffs, if

4

the complaint is stripped of all references to the CARES Act and PPP, Plaintiffs' claims would substantively remain the same, thus demonstrating that Plaintiffs' claims do not arise under federal law or necessarily require the assessment of federal law to resolve Plaintiffs' state law claims; and

WHEREAS, for example, for Plaintiffs' breach of contract count under New Jersey law, Plaintiffs must prove four elements: "first, that the parties entered into a contract containing certain terms; second, that plaintiffs did what the contract required them to do; third, that defendants did not do what the contract required them to do . . . ; and fourth, that defendants' breach, or failure to do what the contract required, caused a loss to the plaintiffs," Goldfarb v. Solimine, 245 A.3d 570, 577 (N.J. 2021) (citation omitted).  Plaintiffs claim that when Plaintiffs opened bank accounts with Defendant they entered into account agreements; Plaintiffs deposited money - provided by Defendant through a loan - into the bank accounts and otherwise complied with the terms of the agreements; under the account agreements Plaintiffs had the right to access the money they deposited into the accounts and exercise immediate possession, ownership, and control over the money; Defendant refused to permit Plaintiffs to access their money, thus breaching the agreements.  No federal question is raised by Plaintiffs' breach of contract claim, regardless of the

5

existence of federal law that provided the vehicle for Defendant to loan Plaintiffs the funds;[2] and

WHEREAS, the Court additionally finds that Defendant may argue that it did not breach the parties' agreements because Plaintiffs did not have a right to the funds deposited into the bank accounts under the terms of the CARES Act and PPP, but "[a] federal defense to a plaintiff's state law cause of action ordinarily does not appear on the face of the well-pleaded complaint, and, therefore, usually is insufficient to warrant

---

[2] Indeed, the federal government does not directly provide funds for PPP loans.  Rather, PPP loans are issued by private lenders and credit unions, and then they are backed by the Small Business Administration (SBA).  Either the SBA will forgive the loan to the borrower if the borrower meets all the requirements, or the SBA will direct the borrower to repay the loan.  Under either circumstance, the SBA reimburses the lender for the loan. The incentive for private lenders to participate in the PPP is that the SBA will pay lenders fees for processing PPP loans. Moreover, "the lender does not need to conduct any verification if the borrower submits documentation supporting its request for loan forgiveness and attests that it has accurately verified the payments for eligible costs.  The Administrator will hold harmless any lender that relies on such borrower documents and attestation from a borrower."  See Business Loan Program Temporary Changes; Paycheck Protection Program, 85 F.R. 20811 (April 15, 2020).

The Court additionally notes that funds held in bank accounts are often federally insured and subject to federal laws and regulations.  That does not mean, however, any state law dispute, such as a breach of contract claim like the one asserted here, that arises over a bank's actions relative to those funds automatically confers subject matter jurisdiction under § 1331 simply because of the tangential presence of federal insurance.

removal to federal court," Dukes v. United States Healthcare, Inc., 57 F.3d 350, 353 (3d Cir.1995) (citation omitted), and the same is true for any potential counterclaims Defendant may assert against Plaintiffs, Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826, 831-32 (2002) ("[A] counterclaim - which appears as part of the defendant's answer, not as part of the plaintiff's complaint - cannot serve as the basis for 'arising under' jurisdiction.");[3] and

WHEREAS, the removal of a case from state to federal court is governed by 28 U.S.C. § 1441, and § 1441 is to be strictly construed against removal so that the Congressional intent to restrict federal jurisdiction is honored, Samuel-Bassett, 357 F.3d at 396 (citing Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990)); and

WHEREAS, Defendant's basis for removal is improper and

---

[3] See, e.g., Kim v. Krietz, 2021 WL 1081130, at *1 (E.D. Cal. 2021) (where the defendant removed the action on the basis of federal question jurisdiction, arguing that "the CARES Act preempts state law regarding evictions and seems to suggest that Plaintiffs' Complaint raises a federal claim even though it contains only a single claim for unlawful detainer," the court remanding the action, finding that the complaint "relies solely on California state law and does not state any claims under federal law," and the well-pleaded complaint rule was inapplicable, and further noting that any argument that the CARES Act "somehow preempts California law or affects the outcome of this case . . . is part of Defendant's defense" rather a statement by the plaintiffs that their own cause of action is based on federal law).

7

cannot confer this Court's subject matter jurisdiction under § 1331, see 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.");

THEREFORE,

IT IS HEREBY on this   12th   day of   August  , 2021

ORDERED that the MOTION to Remand by All Plaintiffs [8] be, and the same hereby is, GRANTED;[4] and it is further

ORDERED that the action is remanded to New Jersey State Court, Gloucester County, Law Division.

At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.

---

[4] "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1446(c).  Plaintiffs request the reimbursement of these expenses in their proposed order granting their motion to remand.  Although this is a close case, the Court will decline to order Defendant to pay Plaintiffs their costs associated with its improvident removal of their complaint.  Cf. Bromley v. Jersey Urology Group, Civil No. 21-00325 (RBK/MJS), 2021 WL 2935339, at *2 (D.N.J. July 13, 2021) (granting the plaintiffs' motion to remand and awarding the plaintiffs attorney's fees and costs because the defendants lacked an objectively reasonable basis for seeking removal, where the complaint's fact section briefly mentions COBRA, but the plaintiffs' causes of action were not dependent on the federal program, and the plaintiffs' rights to relief did not rely on resolving a question of federal law, noting that the overwhelming majority of precedent contradicted the defendants' assertion of federal question jurisdiction based on a complaint that merely mentions a federal program).